# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| **DIONKA BANKS**, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**KAISER FOUNDATION HEALTH PLAN, INC.**, a California corporation,<br><br>Defendant, | Case No.: 5:18-cv-01653-JGB-KK<br><br>Class and Collective Action<br><br>Assigned for All Purposes to:<br>Hon. Jesus G. Bernal<br><br>**FINAL APPROVAL ORDER AND JUDGMENT**<br><br>Hearing: September 9, 2019<br>Time: 9:00 a.m.<br>Dept.: Courtroom 1, 3470 Twelfth Street, Riverside, CA<br>Original Complaint: August 8, 2018<br><br><span style="color:red">CHANGES HAVE BEEN MADE TO THIS DOCUMENT</span> |

ORDER GRANTING FINAL APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT

## ORDER

The Court has reviewed and considered the motion for final approval of the Stipulation of Settlement ("Settlement") submitted by Plaintiff Dionka Banks ("Plaintiff"), on behalf of herself and similarly situated employees of Defendant Kaiser Foundation Health Plan, Inc. ("Defendant") (together, the "Parties"). The Court preliminarily approved the Parties' Settlement and their proposed resolution of Plaintiff's class, collective and representative claims on behalf of the Class Members.

In accordance with the order granting preliminary approval, and in compliance with due process, the Settlement Administrator sent the Class Notice to each of the Class Members by first-class mail. The Class Notice informed the Class Members of the terms of the Settlement, the right to participate in the Settlement, the right to object to the Settlement, the right to request exclusion and pursue their own remedies, and the right to appear in person or by counsel at the final approval hearing regarding final approval of the Settlement.

The motion for final approval seeks final approval of the Settlement and entry of judgment that will bind each Class Member, and will operate as a full release and discharge of the Released Claims (as defined in the Settlement).

Having received and considered Plaintiff's motion for preliminary approval of the Settlement, Plaintiffs' motion for final approval of the Settlement, that there were zero objections to the Settlement, that only 6 out of 1,193 Class Members opted out of the Settlement, Plaintiff's motion for attorneys' fees, litigation/settlement administration expenses, and Class Representative Service Award, the file in this case, and the evidence and argument received by the Court before entering the Preliminary Approval Order and before and at the final approval hearing, **THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:**

1. Initial-capitalized terms in this order shall have the same meaning as assigned to them in the Settlement.

- 2 -
ORDER GRANTING FINAL APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT

2. The Settlement Administrator has fulfilled its initial notice and reporting duties under the Settlement.

3. The Class Notice: (i) was the best practicable notice under the facts and circumstances of this case; (ii) was reasonably calculated to apprise the Class Members of the pendency of the Action, their right to participate in the Settlement, their right to exclude themselves from the Settlement, and their right to object to, and/or appear at the Final Approval Hearing for, the Settlement; and (iii) constituted due, adequate, and sufficient notice of a class/collective settlement under Federal Rule of Civil Procedure 23, 29 U.S.C. section 201, *et seq.*, due process, and any other applicable rules or law. Only 6 individuals asked to exclude themselves from the Settlement, and zero individuals objected to the Settlement.

4. The notice of settlement served by Plaintiff on the California Labor and Workforce Development Agency ("LWDA") satisfied the requirements of PAGA. The LWDA has expressed no objection to the Settlement.

5. The notice of settlement served by Defendant on the U.S. and applicable state attorneys general satisfies the requirements of the Class Action Fairness Act. The Attorneys General have expressed no objections to the Settlement.

6. The terms of the Settlement are fair, reasonable and adequate, and the standards and applicable requirements for final approval of this class and collective action settlement are satisfied, including the provisions of Rule 23 of the Federal Rules of Civil Procedure and the provisions of 29 U.S.C. section 201, *et seq.*

7. The Settlement has been reached as a result of intensive, serious, and non-collusive, arms-length negotiations and was achieved with the aid of an experienced mediator. The Settlement was entered into in good faith as to each Class Member.

8. Class Counsel are experienced class action litigators and have expressed the view that the Settlement is fair, reasonable and adequate.

9. Taking into consideration: the nature of the Plaintiff's claims; the nature of Defendant's defenses; the expense, complexity and likely duration of further litigation; and the risk of attaining and maintaining class action status throughout the litigation, the amounts paid under the Settlement are fair and reasonable. Moreover, the allocation of settlement proceeds among the Class Members is fair, adequate and reasonable. The fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial also supports the Court's decision granting final approval.

10. The Court appoints Plaintiff as representatives of, and Class Counsel as counsel for, the Class Members for the purpose of entering into and implementing the Settlement.

11. The Settlement Administrator is to execute the distribution of proceeds pursuant to the terms of this Settlement.

12. As of the Effective Date, the Plaintiff, the Class Members, and their legally authorized representatives, heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the proposed Settlement, have conclusively compromised, settled, discharged, and provided: the Complete and General Release (in the case of Plaintiff); the release of the Class Members' Released Claims, and release of FLSA claims (in the case of FLSA Settlement Collective Members who cash their Individual Settlement Payments) against Defendant and the Released Parties, and are bound by the provisions of the Settlement Agreement.

13. Payment to the California Labor and Workforce Development Agency of **$33,750.00** as its share of the settlement of claims arising under the California Private Attorneys General Act in this case is fair, reasonable and adequate. Payment of that amount shall be paid from the Total Settlement Amount in accordance with

the Settlement Agreement, and there shall be no further recourse for the civil penalties released under the terms of the Settlement.

14. Notwithstanding the submission of a timely request for exclusion, the Class Members are still bound by the settlement and release of the PAGA Claims or remedies under this judgment pursuant to *Arias v. Superior Court*, 46 Cal. 4th 969 (2009), as requests for exclusion do not apply to the PAGA Claims. The State of California's claims for civil penalties pursuant to PAGA are also extinguished.

15. The fees, expenses, and any other costs of Simpluris, Inc. in administering the Settlement, in the amount of **$18,300.00**, are fair and reasonable. Payment of that amount shall be paid out of the Gross Settlement Amount in accordance with the Settlement, which shall fully, finally and completely compensate Simpluris, Inc., for all fees, expenses and any other costs in administering the Settlement.

16. Based upon application by Class Counsel and Plaintiff, the Court approves the payment of Class Representative Service Award in the amount of **$5,000.00** to Named Plaintiff Dionka Banks (in addition to any recovery she may receive as a Class Member under the Settlement) in recognition of her efforts and the risks she undertook in prosecuting this Action.

17. Based upon application by Class Counsel, the Court approves the payment of attorneys' fees to Class Counsel in the amount of **25%** of the Gross Settlement Amount, i.e. **$412,500.00**, and litigation costs to Class Counsel in an amount not to exceed **$33,500.00**, to be paid in the manner set forth in the Settlement. No other attorneys or law firms shall be entitled to any award of attorneys' fees or costs from Defendant in any way connected with this Action.

18. The Settlement and this Final Approval Order and Judgment shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings that encompass any of Plaintiff's claims, and the Class Members' Class Members' Released Claims, whether those lawsuits or proceedings are maintained by

or on behalf of Plaintiff or the Class Members. The Settlement and this Final Approval Order and Judgment shall be binding on Plaintiff, the Class Members, their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

19. Plaintiff and the Class Members are permanently barred from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the claims released in the Settlement Agreement.

20. The Settlement provided for herein, and any proceedings undertaken pursuant thereto, may not be offered, received, or construed as evidence of: a presumption, concession, or an admission by any Party of liability or non-liability; the certifiability or non-certifiability the class and collective claims resolved by the Settlement; the manageability or non-manageability of the PAGA representative claims resolved by the Settlement; provided, however, that reference may be made to this Settlement in such proceedings as may be necessary to effectuate the provisions of this Settlement.

21. This Final Approval Order and Judgment of dismissal shall be entered forthwith, dismissing this Action with prejudice.

22. Without affecting the finality of the Final Approval Order and Judgment, the Court retains continuing jurisdiction over Plaintiff, Defendant, and the Class Members as to all matters concerning the administration, consummation, and enforcement of this Settlement.

23. After settlement administration and distribution of funds have been completed, the parties shall file a report with this Court certifying compliance with the terms of the Settlement and this Order and Judgment.

24. If this Order is reversed on appeal or the Settlement is terminated or is not consummated for any reason, the foregoing certification of claims, appointment of class representatives and appointment of class counsel shall be void and of no further effect, and the parties shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties might have asserted but for the Settlement.

**IT IS SO ORDERED.**

Dated: September 10, 2019

HON. JESUS G. BERNAL
United States District Judge